UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. MALOOF, | ) | Case No.: 1:04 CV 1365 |
| | ) | |
| Appellant | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SAUL EISEN, | ) | |
| | ) | |
| Appellee | ) | ORDER |

On July 20, 2004, William H. Maloof ("Mr. Maloof" or "Appellant") filed this appeal (ECF No.1) from a May 19, 2004 Order of the United States Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Court"), granting the United States Trustee's ("Trustee") motion to strike a pleading from the record and overruling the objection of Mr. Maloof.

For the following reasons, the court affirms the decision of the Bankruptcy Court and dismisses the appeal of Mr. Maloof (ECF No. 1).

## I. BACKGROUND

On April 13, 2004, Appellant filed the following notice with the Bankruptcy Court: "Notice of William H. Maloof's, Sole Shareholder, Request for Inquiry by the Honorable John Ashcroft, Attorney General of the United States of America into Alleged Misconduct by U.S. Trustee, Saul Eisen, Examiner

Warner and other Officers of the Court" ("Notice"). The Notice indicated that Appellant was requesting an investigation into alleged misconduct by the Trustee and the Trustee's examiner, G. Ray Warner, by the United States Attorney General. On April 20, 2004, the Trustee filed a "Motion for the United States Trustee to Strike from the Record William Maloof's Notice of Request for Inquiry and Attachments" ("Motion to Strike"). After briefing by both parties, the Bankruptcy Court conducted a hearing on May 18, 2004; Mr. Maloof appeared at the hearing and spoke in support of his motion. On May 19, 2004, the Bankruptcy Court granted the Trustee's motion, overruled Mr. Maloof's objection, and issued an Order concluding that "the Notice fails to relate to any pending controversy, contested matter or proceeding before the Court." (5/19/04 Order of Bankruptcy Court at 2.)

## II. STANDARD OF REVIEW

Jurisdiction to hear appeals from the bankruptcy court is conferred by 28 U.S.C. § 158. In determining appeals from the bankruptcy court, this court sits as an appellate court, reviewing the bankruptcy court's findings of fact under a clearly erroneous standard, but conducting a *de novo* review of the bankruptcy court's conclusions of law. Fed. R. Bankr. P. 8013; *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 630 (6th Cir. 1994); *Harbour Lights Marina v. Wandstrat*, 153 B.R. 781 (Bankr. S.D. Ohio 1993). However, the court may overturn matters within the discretion of the bankruptcy court only for an abuse of discretion. Fed. R. Bankr. P. 8003; *American Imaging Services, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.)*, 963 F.2d 855, 858 (6th Cir. 1992); *accord Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993).

## III. LAW AND ANALYSIS

Federal Rules of Bankruptcy Procedure 7012(b), which incorporates Rule 12(f) of the Federal

Rules of Civil Procedure, recognizes a motion to strike if it involves a "pleading" which contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." According to Sixth Circuit case law, the "action of striking a pleading should be used sparingly by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). It should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id.*; *see also Anderson v. U.S.*, 39 Fed. Appx. 132, 135, 2002 WL 857742 (6th Cir. May 3, 2002). The application of this rule is within the discretion of the trial judge. *In re French*, 242 B.R. 369, 375 (Bankr. N.D. Ohio 1999); *In re Narrows Branch Coal, Inc.*, 1999 Bankr. LEXIS 1932, * 14 (Bankr. E.D. Ky. Dec. 15, 1999).

In this case, the Bankruptcy Court summarized its findings on the record at the May 18, 2004 hearing. That court wrote:

> I have reviewed the papers filed by the U.S. Trustee for – to strike certain papers filed by Mr. Maloof which are captioned notice of request for inquiry on attachments. In doing so, I've also taken an opportunity to review the record to assure myself that there exists no controversy relative to the papers which have been filed with the Court by Mr. Maloof, or specifically, there's no contested matter, there is no adversary proceeding to which the papers relate. Accordingly, the motion is well-premised and is granted.

(5/18/04 Tr. at 7.) This court concludes that the Bankruptcy Court was well within its discretion in granting the Trustee's motion to strike.

According to the Notice, Mr. Maloof was "requesting an investigation into alleged misconduct by US Trustee Saul Eisen, Examiner Warner and other officers of this court pursuant to 28 U.S.C. 581© [sic] by Attorney General John Ashcroft." (Notice at 1.) However, 28 U.S.C.581(c) provides: "Each United States trustee is subject to removal by the Attorney General." It does not empower the Bankruptcy Court

to conduct an investigation.

On May 11, 2004, Mr. Maloof filed a pleading entitled "Complaining Witness and Sole Stockholder William Maloof's Objection to Motion to Strike Pleading from Record filed by Andrew Vara, Trial Attorney in the Office of United States Trustee Saul Eisen" ("Objection"). In his Objection, Mr. Maloof cites to:

> the U.S. Const. Amendment I which provides in relevant part that every citizen is entitled to petition the government for redress; 18 U.S.C. 4 the mandatory federal crimes reporting statute that requires any citizen with knowledge of a felony to report said crime to a federal judge; Bankruptcy Local Rule 2090-2 which states in relevant part that any person aggrieved by the conduct of any person practicing before this court may file a grievance with the Clerk and finally the inherent power of this court to regulate the practice of law before it and to control or eliminate disruptive, abusive or unprofessional practices or conduct before it . . . .

(Objection at 1.) However, the Bankruptcy Court may not use any of the above-cited provisions to offer the relief that Mr. Maloof is seeking, namely that "this matter be referred to the appropriate subdivisions of the United States Department of Justice and the Grievance Committee of this Honorable Court." (Objection at 5.)

Finally, although Mr. Maloof received numerous opportunities to identify the relief he was seeking from the Bankruptcy Court, he never articulated why he filed his Notice with the Bankruptcy Court. At the hearing, the Bankruptcy Court gave Mr. Maloof the opportunity to specify the relief he was seeking; Mr. Maloof was not able to articulate the relief other than to say that the Notice should remain part of the record because of his First Amendment rights. (5/18/04 Tr. at 4-5.)

In sum, this court finds that the Bankruptcy Court correctly concluded that the Notice did not relate to any pending action and did not implicate any remedy available in law or equity. Furthermore, the

Bankruptcy Court correctly concluded that since Mr. Maloof had "already submitted his request to the U.S. Attorney General . . . there is no need for this Court to take further action." (5/18/04 Tr. at 7-8.) Accordingly, the judgment of the Bankruptcy Court is hereby affirmed and Mr. Maloof's appeal is dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the court affirms the judgment of the Bankruptcy Court and dismisses Appellant's appeal with prejudice (ECF No. 1).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 19, 2005